United States Bankruptcy Court
District of Massachusetts, Boston Division

# CHAPTER 13 PLAN

Filing Date: **December 23, 2014**                                    Docket #: _____

Debtor: **Medeiros, Anthony**                                    Co-Debtor: **Medeiros, Aimee**

SS#: **1658**                                                              SS#: **1318**

Address: **108 Bay Rd**                                              Address: **108 Bay Rd**

**Norton, MA  02766-3034**                                      **Norton, MA  02766-3034**


Debtor's Counsel:

**Common Law Associates LLC**
**4 Court St Ste 204**

**Taunton, MA  02780-3218**


(508) 884-9700

(781) 261-9935


ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.


YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.


PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**United States Bankruptcy Court**

**District of Massachusetts, Boston Division**

# CHAPTER 13 PLAN

Docket No.:

DEBTOR(S):  (H) **Medeiros, Anthony**          SS# **1658**
            (W) **Medeiros, Aimee**            SS# **1318**

## I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ **247.27** for the term of:

[ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

[ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

[X] 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause: **Debtor is making up mortgage arrears and needs the additional 24 months to make the Chapter 13 plan affordable**

[ ] ___ Months. The Debtor states as reasons therefore:

## II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Ocwen Loan Servicing LLC** | 108 Bay Road, Norton, MA 02766 deed ref book 19326 page 165 homestead ref book 22056 page 39  First Mortgage | **9,953.71** |
| | Total of secured claims to be paid through the Plan: $ | **9,953.71** |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **GM Financial** | 2009 Nissan Armada 93,000 miles KBB $13,441 2013-01-27 Car loan |
| **Ocwen Loan Servicing LLC** | 108 Bay Road, Norton, MA 02766 deed ref book 19326 page 165 homestead ref book 22056  page 39 First Mortgage |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **Chase Bank** | Claim will be paid as a general unsecured claim as it is wholly unsecured | 0.00 |
| Workers Credit Union | Claim will be paid as a general unsecured claim as it is wholly unsecured | 0.00 |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:

**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :

**None**

iii. The arrears under the lease to be paid under the Plan are _____.

**III. PRIORITY CLAIMS:**

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Department Of The Treasury** | 1040 tax debt 12/31/2011  Income tax | **2,898.61** |

Total of Priority Claims to Be Paid Through the Plan: $_____**2,898.61**

**IV. ADMINISTRATIVE CLAIMS:**

A. Attorneys fees (to be paid through the Plan): $ **500.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

**V. UNSECURED CLAIMS:**

The general unsecured creditors shall receive a dividend of **0.00**% of their claims.

A. General unsecured claims:    $_____**65,713.60**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **JP Morgan Chase Bank** | 108 Bay Road, Norton, MA Homestead Book 22056 Page 39   2nd Mortgage | **112,946.00** |
| **Worker Credit Union** | **Execution** | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of A + B + C unsecured claims: $ _____ **192,162.60**

D. Multiply total by percentage**: $ 0.08**.

(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ _____ **0.00**

## VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:

**The mortgage held by Chase Bank and any and all successors and assignees is to be avoided as it is wholly unsecured.  The market value of the property at the time of the filing was $370,000.  The First Mortgage held by Ocwen Loan Servicing totals $477,392.  The Debtors have listed the lien as an unsecured claim and it will be treated in accordance with the treatment of unsecured claims in Section V of this plan.  Upon the debtors completion of the Plan and entry of an Order of Discharge, The mortgage held by Chase Bank (recorded in the Bristol County Registry of Deeds Page 15720 Book 100) and their successors and assignees will be discharged.**

**The execution held by Workers Credit Union and any and all successors and assignees is to be stripped as they are wholly unsecured.  The market value of the property at the time of filing was $375,000.  The First Mortgage held by Ocwen Loan Servicing totals $477,392.  The Debtors have listed the junior lien as an unsecured claim and treated in accordance with the treatment of unsecured claims in Section V of this plan.  Upon the Debtors successful completion of the plan and entry of the Order of Discharge, the execution of the Workers Credit Union, (recorded at the Bristol County Regisrty of Deeds, Book 21978 Page 79) their successors and assignees will be discharged.**

## VII. CALCULATION OF PLAN PAYMENT:

| | |
|---|---|
| A. Secured claims (Section I-A Total): | $ **9,953.71** |
| B. Priority claims (Section II-A & B Total): | $ **2,898.61** |
| C. Administrative claims (Section III-A & B Total): | $ **500.00** |
| D. Regular unsecured claims (Section IV-D Total): + | $ **0.08** |
| E. Separately classified unsecured claims: | $ **0.00** |
| F. Total of a + b + c + d + e above: | $ **13,352.40** |
| G. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: | $ **14,836.20** |

    (This represents the total amount to be paid into the Chapter 13 Plan)

H. Divide (G), Cost of Plan by, Term of Plan, **60** months

I. Round up to nearest dollar: Monthly Plan Payment:     $ **247.27**

(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **108 Bay Rd, Norton, MA 02766-3034** | **375,000.00** | **590,338.48** |

| | |
|---|---|
| Total Net Equity for Real Property: | $ 0.00 |
| Less Total Exemptions (Schedule C): | $ 0.00 |
| Available Chapter 7: | $ 0.00 |

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **1997 SATURN S Series-4 Cyl. Sedan 4D SL** | **654.00** | **0.00** | **654.00** |
| **2005 FORD TRUCK Expedition-V8 Utility 4D XLT 4WD** | **4,460.00** | **15,195.03** | **0.00** |
| **2009 NISSAN Altima-V6 Sedan 4D SE** | **13,441.00** | **22,780.00** | **0.00** |

| | |
|---|---|
| Total Net Equity: | $ 654.00 |
| Less Total Exemptions (Schedule C): | $ 654.00 |
| Available Chapter 7: | $ 0.00 |

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

| | |
|---|---|
| Total Net Value: | $ 2,323.53 |
| Less Exemptions (Schedule C): | $ 2,323.53 |
| Available Chapter 7: | $ 0.00 |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **0.00**.

E. Additional Comments regarding Liquidation Analysis:

## IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

| | |
|---|---|
| */s/ Eric Levitt* | **December 28, 2014** |
| Debtor's Attorney | Date |

Attorney's Address:
**Common Law Associates LLC**
**4 Court St Ste 204**

**Taunton, MA  02780-3218**

Tel. # **(508) 884-9700**                    Email Address: **commonlawassociates@gmail.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

| | |
|---|---|
| */s/ Anthony Medeiros* | **December 28, 2014** |
| Debtor | Date |
| */s/ Aimee Medeiros* | **December 28, 2014** |
| Debtor | Date |